UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATHANIEL DIXON,

        Plaintiff,

    v.

D. OLEACHEA, et al.,

        Defendants.

No.  2:15-cv-2372 KJM AC P

ORDER and FINDINGS AND
RECOMNENDATIONS

I.    Background

    Plaintiff is a state prisoner incarcerated at California State Prison Corcoran, under the authority of the California Department of Corrections and Rehabilitation (CDCR), proceeding pro se with a First Amended Complaint (FAC) filed pursuant to 42 U.S.C. § 1983.  Plaintiff paid the filing fee.  By order filed June 29, 2016, this court screened plaintiff's original complaint pursuant to 28 U.S.C. § 1915A, and gave plaintiff the choice of proceeding on his original complaint against defendants Oleachea, Sandoval and Hall (but not defendants Lieber or Virga), or filing a FAC in an attempt to add an additional claim against defendant Oleachea.  See ECF No. 8.  Plaintiff chose the latter option.  The court now screens the FAC pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the court orders service of the FAC on defendants Oleachea, Sandoval and Hall, and recommends the dismissal of defendants Lieber and Hall.

////

II.    Screening of First Amended Complaint (FAC)

A.    Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id., § 1915A(b)(1),(2).

B.    Plaintiff's Allegations

The FAC repeats the essential allegations of the original complaint, challenging conditions of plaintiff's prior confinement at California State Prison Sacramento (CSP-SAC), and adding allegations specific to plaintiff's retaliation claim against defendant Oleachea. In light of these similarities, the court repeats its prior summary of plaintiff's principal allegations, see ECF No. 8 at 3-5:

> Plaintiff's allegations focus on the challenged conduct of defendant D. Oleachea, a CSP-SAC correctional officer (CO). On February 6, 2011, plaintiff was visiting with his wife in the prison visiting area. After about 45 minutes, plaintiff was called to the podium and directed to the strip out area, where he was searched. The search was triggered by a report from defendant Oleachea, who was operating the surveillance camera that scanned the visiting room, that plaintiff appeared to take and/or hold a $20 bill in his hand. The search of plaintiff failed to reveal any money or other contraband. Nevertheless, plaintiff's visit was terminated and he was issued a Rules Violation Report (RVR) (Log No. B-11-02-013), alleging "Possession of Contraband (Money)." See ECF No. 1 at 16.1 Plaintiff wrote a letter of complaint to defendant D. Lieber ("the Chief Disciplinary Officer and Associate Warden in charge of reviewing all administrative appeals," see Complaint (Cmplt.), ECF No. 1 at 2, ¶ 4), who allegedly never responded. Plaintiff was found "Not Guilty" at the subsequent disciplinary hearing held March 7, 2011
>
> Thereafter, on November 6, 2011, plaintiff was again visiting with his wife in the prison visiting area. While plaintiff was having his picture taken, defendant Oleachea called plaintiff and his wife aside and told them that the visit was being terminated because plaintiff's wife was dressed inappropriately. Plaintiff asked if his wife could put on her sweater, but Oleachea said no. Plaintiff told Oleachea that he would not leave the visiting area without speaking with the sergeant, Oleachea's supervisor. Plaintiff walked back to his assigned visiting table and sat down. Oleachea instructed plaintiff's wife to stand by the stairs and then walked over to plaintiff.

Oleachea pulled out his pepper spray and instructed the other visitors to move.

Defendant R. Sandoval, another CO, came to plaintiff's table and stood next to Oleachea. Sandoval reportedly told Oleachea "four times to put that away (his pepper spray) and . . . that we don't need that out here." Cmplt., ECF No. 1 at 7, ¶ 30. As plaintiff attempted to explain to Sandoval why he wanted to speak with the sergeant, defendant Oleachea "out of nowhere and unprovoked, sprays plaintiff directly in the face while plaintiff sat in his seat." Id. at ¶ 32. Plaintiff avers that he then "calmly gets up and walks in the opposite direction of defendant Oleachea," but Oleachea "sprays a second burst of pepper spray into the back of plaintiff's head." Id. at ¶¶ 33-4. Plaintiff then "changes directions, walking towards the right to get away," but Oleachea "sprays plaintiff a third time to the right side of plaintiff's face and yells get down!" Id. at ¶¶ 35-6. "As plaintiff was getting down, defendant Oleachea sprays plaintiff a fourth time." Id. at ¶ 37. Plaintiff was then cuffed, taken to a holding cage, decontaminated and examined, then returned to his cell.

Plaintiff's wife, then age 64, was "cordoned off in the visiting room control booth suffering the effects of the pepper spray while the other civilian visitors were sent outside on the patio to get fresh air." Id. at ¶ 40. Plaintiff's wife complained to CO Mirlohi that she had asthma and was having trouble breathing. Mirlohi initially failed to respond, but then called for CO Hammon to escort her to a bunker.

Plaintiff was issued an RVR (Log No. B-11-11-020) for "Refusing a Direct Order." See ECF No. 1 at 39. Plaintiff was found guilty. Id. at 43. However, the hearing officer found that the incident had not warranted issuance of an RVR, and reduced the matter to an administrative CDC-128A Custodial Counseling Chrono. Plaintiff was counseled and reprimanded.

Plaintiff avers that he filed and exhausted a prison administrative grievance challenging the conduct of defendant Oleachea on November 6, 2011. Id. at ¶ 52; see also ECF No. 1 at 2. Plaintiff's exhibits include the statements of visitors to the prison that day who reported to officials that Oleachea's response was unprovoked by plaintiff. See e.g. id. at 28. Plaintiff was interviewed in March 2013 by a member of CDCR's Legal Affairs Office concerning the November incident. Plaintiff was thereafter served with a subpoena to be a witness before the State Personnel Board in proceedings against Oleachea, but "on the account of defendant Oleachea accepting something with lesser consequences, plaintiff did not have to appear at the hearing." Id. at ¶ 51.

Plaintiff alleges that he has been diagnosed him with chronic dry eye syndrome due to the pepper spray incident. Plaintiff suffers from blurred vision, sensitivity to light, and persistent eye irritation and pain, which require the use of artificial tears. Plaintiff alleges that he suffers nightmares about being pepper sprayed, which cause him to have difficulty breathing. Plaintiff states that he has been a

mental health patient since 1994, is diagnosed with manic depression and major depression, and is prescribed mood stabilizers.

C. <u>Federal Claims</u>

For the detailed reasons set forth in the court's prior screening order (<u>see</u> ECF No. 8), the court finds that the FAC states an Eighth Amendment claim for excessive force against defendant Oleachea, and Eighth Amendment failure to protect claims against defendants Sandoval and Hall.[1] The court further finds that the FAC states a First Amendment retaliation claim against defendant Oleachea. <u>Cf.</u> ECF No. 8 at 9-10, and FAC, ECF No. 9 at, inter alia, ¶¶ 10 and 25 ("Defendant Oleachea cuffed Plaintiff and as they were walking away, Defendant says to Plaintiff, "That's for writing me to the warden.").

The FAC no longer names Lieber or Hall. For this reason and for the reasons previously stated by the court, the undersigned recommends that defendants Lieber and Virga be dismissed from this action.

D. <u>State Law Claims</u>

The complaint also asserts, without discussion, state law claims for assault and battery, negligence, intentional infliction of emotional distress, and supervisory liability. <u>See</u> ECF No. 9 at 4. For the following reasons, the court finds that the FAC states cognizable state law claims against defendant Oleachea for assault and battery, and for intentional infliction of emotional distress; against defendants Sandoval and Hall for negligence; and against CDCR for supervisory liability under California Government Code section 815.2(a).

---

[1] The court previously found a cognizable failure to protect claim against defendant Hall for the following reasons, ECF No. 8 at 12:

> Plaintiff's allegations against defendant Hall, together with the factual conflict in the record (Hall and Oleachea provide conflicting accounts whether Oleachea had Hall's permission to work in the visiting room on November 6, 2011), are sufficient to infer a possible "sufficient causal connection" between Hall's supervisory decisions and Oleachea's use of excessive force against plaintiff, that is, Hall's alleged failure to protect plaintiff. Although the existing information raises more questions than it resolves – e.g., was Hall aware of Oleachea's alleged animosity toward plaintiff? did Oleachea engage is prior incidents of excessive force against prisoners of which Hall was aware? – these matters can be developed through discovery.

1          1.      Assault and Battery

2          Under California law, a claim against a law enforcement officer for assault and battery is

3     stated by allegations that the officer used unreasonable force, causing injury or other harm to

4     plaintiff.  Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 922 (9th Cir. 2001)

5     (citations omitted).  "A state law battery claim is a counterpart to a federal claim of excessive use

6     of force.  In both, a plaintiff must prove that the peace officer's use of force was unreasonable."

7     Brown v. Ransweiler (2009) 171 Cal. App. 4th 516, 527 (citation omitted).

8          The court finds plaintiff's allegations of excessive force against defendant Oleachea are

9     also sufficient to state a cognizable state law claim for assault and battery.

10          2.      Negligence

11          The elements of a negligence cause of action under California law are:  "(1) a legal duty to

12    use due care; (2) a breach of such legal duty; (3) the breach was the proximate or legal cause of

13    the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care."

14    Megargee v. Wittman, 550 F. Supp. 2d 1190, 1209 (E.D. Cal. 2008) (citations omitted)).  It is a

15    "long-established principle of California negligence law that the reasonableness of a peace

16    officer's conduct must be determined in light of the totality of the circumstances."  Hayes v.

17    County of San Diego, 57 Cal.4th 622, 632 (2013) (citations omitted).

18          Liberally construing plaintiff's allegations that defendant Sandoval, though standing

19    nearby and capable of intervening, failed to stop Oleachea's alleged excessive use of pepper spray

20    against plaintiff, the court finds these allegations sufficient at the screening stage to state a

21    negligence claim against Sandoval.  Similarly, plaintiff's allegations that defendant Hall failed to

22    adequately supervise officer schedules, including informal scheduling switches, resulting in

23    Oleachea's unauthorized presence in the visiting room on the subject day (see n. 1, supra), states a

24    negligence claim against Hall.  Plaintiff adequately alleges that both defendants breached their

25    legal duties of care, resulting in injury to plaintiff.

26    ////

27    ////

28    ////

### 3. Intentional Infliction of Emotional distress

The elements of an intentional infliction of emotional distress claim under California law are: "outrageous conduct by defendant, (ii) an intention by defendant to cause, or reckless disregard of the probability of causing, emotional distress, (iii) severe emotional distress, and (iv) an actual and proximate causal link between the tortious conduct and the emotional distress." Nally v. Grace Community Church of the Valley, 47 Cal. 3d 278, 300 (1988) (citation omitted). The allegations of the FAC support a state law claim against defendant Oleachea for intentional infliction of emotional distress: his alleged conduct was outrageous and intentional, causing severe emotional and physical distress to plaintiff (and his wife).

### 4. Supervisory liability

Under California Government Code section 815.2(a), a public entity may be held vicariously liable for the acts or omissions of its employees. "Thus, in contrast to the unavailability of supervisory liability for [] federal constitutional violations, Plaintiff may seek to hold [CDCR] . . .liable for torts committed [by its employees] in violation of California state law." Forte v. Hughes, 2014 WL 2930834, at *15, 2014 U.S. Dist. LEXIS 88293 (E.D. Cal. June 27, 2014) (Case No. 1:13-cv-01980 LJO SMS)

### III. Service of Process on Defendants

For the foregoing reasons, the court finds service of the FAC appropriate for defendants Oleachea, Sandoval and Hall, and provides instructions to plaintiff for requesting waivers of service from each of these defendants. Because plaintiff paid the filing fee, he is responsible for serving process on defendants.

Plaintiff is directed to Federal Rule of Civil Procedure 4(d), and Local Rule 210(c), together with the attached waiver forms, for guidance in requesting waivers of service in lieu of issuing a summons and executing personal service. As set forth in the noted rules and forms, plaintiff must mail to each defendant, "by first-class mail or other reliable means," the following documents: (1) one copy of this order, (2) one copy of the endorsed complaint, (3) one copy of this court's form entitled "Notice of Lawsuit and Request for Waiver of Service of Summons," completed and signed by plaintiff, noting a deadline of 30 days (see "(F)"), (4) two copies of this

court's form entitled "Waiver of Service of Summons," for completion by each defendant, (5) one copy of the form entitled "Consent to Proceed Before United States Magistrate Judge," and (6) one self-addressed stamped envelope for return of the signed waiver to plaintiff. Plaintiff shall promptly file the signed waivers with the court.

A defendant's failure, without good cause, to sign and return a waiver requested by plaintiff will require the defendant to pay the full costs associated with his or her personal service. Should a defendant whose physical address is known require personal service, plaintiff may file a supported motion requesting the assistance of the United States Marshall. See Fed. R. Civ. P. 4(c)(3).

IV.     Defendants Lieber and Virga

The undersigned previously screened out plaintiff's claims against defendants Lieber and Virga. ECF No. 8 at 6-9 (Lieber) and 10-13 (Virga). That discussion is incorporated by reference here, and submitted to the district judge as a recommendation for dismissal.

V.     Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Service of the complaint is appropriate for defendants Oleachea, Sandoval and Hall, on the claims noted above.

2. Within 90 days after the filing date of this order, plaintiff shall file with the court all waivers of service received by defendants[2] and, if necessary, shall file a supported motion requesting the assistance of the United States Marshall to personally serve the remaining defendants.[3]

_____

[2]  It is recommended that plaintiff send the waiver packages to defendants as soon as possible after the filing date of this order. Plaintiff will need to verify the current addresses of each defendant, make several copies of each document, and prepare each defendant's package for mailing, including self-addressed stamped envelopes. The waivers, which are to be returned to plaintiff within 30 days after they are sent, must be filed with the court by plaintiff, either as received or all together.

[3]  Such motion should set forth plaintiff's efforts to obtain the identified defendant's waiver, including at least one attempt by plaintiff to follow up on his initial request for waiver; and evidence supporting the accuracy of the defendant's current address, including any inquiries made by plaintiff to CDCR or the Office of the California Attorney General, and responses thereto.

3.  The Clerk of the Court is directed to send plaintiff the following documents:  (a) one copy of this order, (b) one copy of the endorsed FAC filed August 3, 2016 (ECF No. 9),  (c) one copy of this court's form entitled "Notice of Lawsuit and Request for Waiver of Service of Summons" (Form AO 398), (d) one copy of this court's form entitled "Waiver of Service of Summons" (Form AO 399), and (e) a copy of the Local Rules of Court.

4.  Defendants shall reply to the complaint within the time provided in Federal Rules of Civil Procedure 4(d)(3) and 12(a).

Further, IT IS HEREBY RECOMMENDED that defendants Lieber and Virga be dismissed from this action for the reasons set forth at ECF No. 8.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 3, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE