UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL DIXON, | No. 2:15-cv-2372 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| D. OLEACHEA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 6, 2019, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations, which this court has reviewed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file generally, the court finds the findings and recommendations to be supported by the record and by proper analysis.

The findings and recommendations filed on March 6, 2019, indicate plaintiff did not oppose defendant Oleachea's motion to dismiss, whereas plaintiff did file a consolidated

1

opposition to both defendants' motions, and his opposition was docketed on March 5, 2019. The magistrate judge's analysis did not prejudice plaintiff because she did not find plaintiff had waived opposition; rather she considered his prior timely opposition to defendant Hall's motion to dismiss as applicable to both defendants' motions. This court now has carefully considered plaintiff's opposition to both defendants' motions to dismiss, filed originally at ECF No. 46 and also with plaintiff's objections at ECF No. 48, pages 5-9. The court also has considered the substance of plaintiff's objections at ECF No. 48. The court clarifies that plaintiff's failure-to-protect claim against defendant Hall in her individual capacity encompasses plaintiff's allegations that Hall should have prevented defendant Oleachea from working in the prison visiting room on November 6, 2011. *See* ECF No. 8 at 12 and cases cited therein. Plaintiff's objections to the dismissal of his state law claims do not properly distinguish between state and federal law. With these clarifications, the findings and recommendations reach the correct conclusion in light of the applicable law.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 6, 2019, are adopted except as to the assumption that plaintiff did not oppose defendant Oleachea's motion to dismiss;

2. The motions to dismiss filed by defendants Hall and Oleachea, ECF Nos. 27 and 37, are granted in part;

3. Plaintiff's official capacity claims under 42 U.S.C. § 1983 and plaintiff's state law claims against defendants Hall and Oleachea are dismissed based on Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted;

4. This action proceeds on plaintiff's individual capacity damages claims against defendants Hall and Oleachea under 42 U.S.C. § 1983, specifically, plaintiff's Eighth Amendment claim for excessive force and First Amendment retaliation claim against defendant Oleachea, and plaintiff's Eighth Amendment failure-to-protect claim against defendant Hall.

5. The clerk of court is directed to refer this matter back to the assigned magistrate judge for all further pretrial proceedings.

DATED: March 29, 2019.

UNITED STATES DISTRICT JUDGE