# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL DIXON, | No. 2:15-cv-2372 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| D. OLEACHEA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with this civil rights action, has filed a second request for appointment of counsel. Plaintiff argues that appointment is warranted because this case "contains several different legal claims, with each claim involving a different set of defendants;" involves medical issues that may require expert testimony;" "will require discovery of documents and depositions of a number of witnesses;" and because jury trial has been demanded. ECF No. 55.

Although district courts lack authority to require counsel to represent indigent prisoners in Section 1983 civil rights cases, Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989), in certain exceptional circumstances a district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), see Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Exceptional circumstances include plaintiff's inability to articulate his claims pro se coupled with a likelihood of success on

1

the merits of his claims.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish the requisite exceptional circumstances.

Plaintiff's first request for appointment of counsel was denied on the ground, inter alia, that plaintiff had capably identified and articulated his claims pro se.  ECF No. 8 at 15.  Indeed, this case has survived defendants' motion to dismiss plaintiff's First Amended Complaint and now proceeds on the merits of his claims.  See ECF Nos. 47, 49.  This result supports inferences both that plaintiff has a reasonable possibility of success on the merits of his claims and that he has capably represented himself through this stage of the proceedings.  This scenario does not demonstrate exceptional circumstances warranting appointment of counsel at the present time.  Therefore, plaintiff's instant request for appointment of counsel will be denied without prejudice.

Moreover, this case is set for a settlement conference on June 6, 2019, at which plaintiff is scheduled to appear pro se by videoconference.  See ECF Nos. 52, 56.

Accordingly, IT IS HEREBY ORDERED that plaintiff's instant request for appointment of counsel, ECF No. 55, is denied without prejudice.

DATED: May 28, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE