UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL DIXON, | No. 2:15-cv-2372 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| D. OLEACHEA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 113.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

1

establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In support of the motion to appoint counsel, plaintiff states in part that the issues in this case are complex; that he will need to present expert witnesses; that conflicting testimony will need to be elicited, and that due to the COVID-19 pandemic, he has no library time to research issues. See ECF No. 113 at 1-2. The court finds that these do not constitute exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 113) is DENIED.

DATED: January 29, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE