1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    Nathaniel Dixon,                              No. 2:15-cv-02372-KJM-AC

12                        Plaintiff,                ORDER

13          v.

14    David Oleachea, et al.,

15                        Defendants.

16

17          Plaintiff Nathaniel Dixon, who is incarcerated and proceeding *in forma pauperis*, alleges

18    the defendant, a correctional officer, used excessive force while attempting to remove him from

19    the prison's visiting area in 2011.  *See generally* First Am. Compl., ECF No. 9.  Mr. Dixon was

20    not previously represented by counsel, but after discovery closed and the court denied the parties'

21    cross-motions for summary judgment in part, the court appointed Chijioke Ikonte as pro bono

22    counsel and set a final pretrial conference.  *See* F&Rs, ECF No. 102; Order Adopting F&Rs,

23    ECF No. 122; Order Appointing Counsel, ECF No. 123; Order Setting Final Pretrial Conference,

24    ECF No. 124.

25          After Mr. Ikonte was appointed, he began speaking to Mr. Dixon and reviewing the

26    record.  *See* Ikonte Decl. ¶¶ 2–4, ECF No. 125.  He discovered that Mr. Dixon had not obtained

27    discovery "on a number of vital matters."  Mot. at 4, ECF No. 125.  For example, the defendant

28    officer has not been deposed.  *See id.*  Nor have any of the other officers who witnessed the

1

1    incident or prepared written reports been deposed. *See id.* The California Department of

2    Corrections and Rehabilitation has a video of the incident, but Mr. Dixon does not have a copy.

3    *See id.* at 5. Mr. Ikonte also believes it will be necessary to consult with an expert on excessive

4    force, but no expert discovery has occurred. *See id.* at 4–5. He attributes these gaps in the record

5    to Mr. Dixon's limited resources and lack of counsel and to the obstacles an untrained,

6    incarcerated person must surmount when contacting witnesses, seeking documents, and

7    scheduling and taking depositions. *See* Ikonte Decl. ¶ 5.

8            Mr. Ikonte filed a motion to reopen discovery on Mr. Dixon's behalf. *See generally* Mot.

9    The court directed the parties to meet and confer with the goal of reaching an agreement that

10   would moot Mr. Dixon's motion. Order, ECF No. 126. The parties' efforts to meet and confer

11   were unsuccessful. *See* Joint Rep., ECF No. 127. The defense believes too much time has passed

12   since the incident and argues discovery would not reveal any relevant information. *See id.* at 2–3.

13   It opposes the motion on that basis. *See generally* Opp'n, ECF No. 128.

14           "When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery," the

15   Ninth Circuit has "instruct[ed] district courts to consider the following factors":

16                    "1) whether trial is imminent, 2) whether the request is opposed,
17                    3) whether the non-moving party would be prejudiced, 4) whether
18                    the moving party was diligent in obtaining discovery within the
19                    guidelines established by the court, 5) the foreseeability of the need
20                    for additional discovery in light of the time allowed for discovery by
21                    the district court, and 6) the likelihood that the discovery will lead to
22                    relevant evidence."

23   *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *United*

24   *States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995), *vacated on*

25   *other grounds*, 520 U.S. 939 (1997)).

26           Here, no trial is imminent. No trial date has been set. The court is satisfied Mr. Dixon

27   sought discovery as diligently as can reasonably be expected of an unrepresented, incarcerated

28   plaintiff proceeding *in forma pauperis*; his successful attempt to oppose summary judgment

29   supports that conclusion. Reopening discovery also will lead to the disclosure of relevant

30   evidence, such as deposition testimony by the defendant and other eyewitnesses and a video of

1   the allegedly excessive force.  This evidence will shed light on the central factual disputes in this

2   case:  What were the defendant's true reasons for the force he used?  What was most important at

3   the time, discipline or protecting himself?  And did the defendant have reasonable alternatives for

4   achieving his goals?  *See* F&Rs at 24.  Although several years have passed since the events

5   alleged in Mr. Dixon's complaint, denying the motion would cause much greater prejudice to

6   Mr. Dixon than granting the motion will cause to the defendant.

7        The motion to reopen discovery is **granted**.  A status conference is set for **December 2,**

8   **2021 at 2:30 p.m.** before the undersigned.  **By November 18, 2021**, the parties shall submit a

9   joint report proposing a schedule for reopened discovery, other pretrial proceedings, a final

10  pretrial conference and trial.

11       IT IS SO ORDERED.

12  DATED:  November 9, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE