ROB BONTA, State Bar No. 202668
Attorney General of California
ALICIA A. BOWER, State Bar No. 287799
Supervising Deputy Attorney General
ARTHUR B. MARK III, State Bar No. 220865
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7345
  Fax: (916) 324-5205
  E-mail: Arthur.Mark@doj.ca.gov
*Attorneys for Non-party Respondent Litigation*
*Coordinator California State Prison-Sacramento*

SAVAGE DAY
Kelly Savage Day (SBN 235901)
101 Lucas Valley Rd., Suite 272
San Rafael CA 94903
Telephone: (415) 259-6624
Email: kelly.savageday@savageday.com
*Attorney for Defendant*
*D. Oleachea*

CHIJIOKE O. IKONTE, SBN 206203
cikonte@yahoo.com
LAW OFFICES OF AKUDINOBI &
IKONTE
3540 WILSHIRE BLVD., SUITE 850
LOS ANGELES, CA 90010
(213) 387 - 0869
(213) 387 - 0969 (fax)
*Attorneys for Plaintiff,*
*Nathaniel Dixon*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| **NATHANIEL DIXON,**<br><br>Plaintiff,<br><br>v.<br><br>**D. OLEACHEA, et al.,**<br><br>Defendants. | Case No. 2:15-cv-02372 KJM AC P<br><br>~~**[PROPOSED]**~~ **STIPULATED PROTECTIVE ORDER**<br><br>Action Filed:  November 16, 2015 |

1

1    **1.      PURPOSES AND LIMITATIONS**

2          Disclosure and discovery activity in this action are likely to involve production of

3    confidential, proprietary, or private information for which special protection from public

4    disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

5    The types of information that the parties seek to protect under this protective order include, but

6    are not limited to, (1) confidential information, not otherwise publicly available, regarding

7    investigation and evaluation by the California Department of Corrections and Rehabilitation

8    (CDCR) of a use of force incident on November 6, 2011 at California State Prison-Sacramento

9    (CSP-Sacramento) involving the Plaintiff and Defendant Oleachea; (2) confidential records from

10   the personnel file of Defendant Oleachea, including but not limited to disciplinary records,

11   performance reviews, and training records; (3) confidential policies, practices, and procedures of

12   CSP-Sacramento and CDCR, if any, pertaining to use of force (5) confidential training materials

13   of CSP-Sacramento and CDCR, if any, pertaining to the use of force and (6) the personal

14   identifying and financial information of the Defendant or any non-party staff, inmates, or other

15   persons.  A protective order is necessary for the following particularized reasons:  (1) to protect

16   confidential information contained in the above documents, (2) to protect Defendant's and non-

17   party's privacy, and (3) to protect the safety of inmates and security of prisons within the

18   California Department of Corrections and Rehabilitation.

19         The parties agree that personal identifying information of current or former CDCR

20   employees (including Defendant), including but not limited to birthdates, social security numbers,

21   home addresses, drivers' license numbers, home telephone numbers, and identifying information

22   of confidential informants, if any, will be redacted[1]; in addition, medical information of non-

23   parties, if any, will be redacted.

24         The parties agree that this listing is prospective only and that it should not be taken as a

25   representation by any party to this stipulation that responsive documents exist in any specified

26   category or will be produced.

27   _____

28         [1] In the event a CDCR employee needs to be contacted for purposes of this litigation, such
     contact will be initiated through CDCR or, if represented, through their attorney.

2

1    Accordingly, non-party respondent CSP-Sacramento, Plaintiff and Defendant hereby

2 stipulate to and petition the court to enter the following Stipulated Proposed Protective Order. The

3 parties acknowledge that this Stipulated Proposed Protective Order does not entitle them to file

4 confidential information under seal and that the local rules set forth the procedures that must be

5 followed and the standards that will be applied when a party seeks permission from the court to

6 file material under seal.

7    **2.    <u>DEFINITIONS</u>**

8    2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of

9 information or items under this Order.

10    2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is

11 generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

12 of Civil Procedure 26(c).

13    2.3    <u>Counsel</u>:  Counsel of Record for the parties, non-party respondent and the support

14 staff for such counsel.

15    2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it

16 produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

17 CONFIDENTIAL – ATTORNEYS' EYES ONLY".

18    2.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium

19 or manner in which it is generated, stored, or maintained (including, among other things,

20 testimony, transcripts, and tangible things), that are produced or generated in disclosures or

21 responses to discovery in this matter.

22    2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the

23 litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a

24 consultant in this action, (2) is not a past or current employee of a Party or of a Party's

25 competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party

26 or of a Party's competitor.

27    2.7    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>:

28 extremely sensitive "Confidential Information or Items," disclosure of which to another Party or

3

1   Non-Party would create a substantial risk of serious harm that could not be avoided by less

2   restrictive means.

3       2.8   Non-Party: any natural person, partnership, corporation, association, or other legal

4   entity not named as a Party to this action.

5       2.9   Party: any party to this action, including all of its officers, directors, employees,

6   consultants, retained experts, and Counsel of Record (and their support staffs).

7       2.10  Producing Party: a Party or Non-Party that produces Disclosure or Discovery

8   Material in this action.

9       2.11  Professional Vendors: persons or entities that provide litigation support services (e.g.,

10  photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing,

11  storing, or retrieving data in any form or medium) and their employees and subcontractors.

12      2.12  Protected Material: any Disclosure or Discovery Material that is designated as

13  "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

14      2.13  Receiving Party: a Party that receives Disclosure or Discovery Material from a

15  Producing Party.

16  **3.    SCOPE**

17      The protections conferred by this Stipulation and Order cover not only Protected Material

18  (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

19  all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

20  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

21  However, the protections conferred by this Stipulation and Order do not cover the following

22  information: (a) any information that is in the public domain at the time of disclosure to a

23  Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

24  a result of publication not involving a violation of this Order, including becoming part of the

25  public record through trial or otherwise; and (b) any information known to the Receiving Party

26  prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

27  obtained the information lawfully and under no obligation of confidentiality to the Designating

28  Party. Protected material includes documents identified as "Confidential" or "Highly

4

Confidential" prior to the date of executing this protective order.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.   <u>DURATION</u>**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it

6

appears that substantial portions of the testimony may qualify for protection, the Designating

Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded)

a right to have up to 21 days to identify the specific portions of the testimony as to which

protection is sought and to specify the level of protection being asserted. Only those portions of

the testimony that are appropriately designated for protection within the 21 days shall be covered

by the provisions of this Stipulated Proposed Protective Order. Alternatively, a Designating Party

may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that

the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY."

(c) for information produced in some form other than documentary and for any other

tangible items, that the Producing Party affix in a prominent place on the exterior of the container

or containers in which the information or item is stored the legend "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of

the information or item warrant protection, the Producing Party, to the extent practicable, shall

identify the protected portion(s) and specify the level of protection being asserted.

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

designate qualified information or items does not, standing alone, waive the Designating Party's

right to secure protection under this Order for such material. Upon timely correction of a

designation, the Receiving Party must make reasonable efforts to assure that the material is

treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of

confidentiality as provided in this section, including designations as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process

by providing written notice of each designation it is challenging and describing the basis for each

challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

recite that the challenge to confidentiality is being made in accordance with this specific

paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to remove confidentiality within 21 days of the parties agreeing in writing that the meet and confer process will not resolve their dispute.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The parties may agree to extend the time to file a motion.  Failure by the Challenging Party to make such a motion including the required declaration within the time specified shall automatically waive the any challenge to the confidentiality designation for each challenged designation; however the Challenging Party can be relieved of any such waiver by the Court for good cause shown. In addition, the Designating Party may file a motion to retain a confidentiality designation within twenty-one days of the parties agreeing in writing that the meet and confer process will not resolve their dispute. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

8

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (**FINAL DISPOSITION**).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

9

unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Proposed Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(f) Plaintiff's counsel shall be permitted to show any statements made by a plaintiff to that plaintiff, regardless of whether such statements are designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". **However, Plaintiff's counsel agrees that it shall exercise due care to assure that Plaintiff is not privy to any other information, including but not limited**

10

1  to, the names of other inmates and staff that may be present in material designated as

2  "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

3      **8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

4  **OTHER LITIGATION**

5      If a Party is served with a subpoena or a court order issued in other litigation that compels

6  disclosure of any information or items designated in this action as "CONFIDENTIAL" or

7  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY":

8      (a) promptly notify in writing the Designating Party. Such notification shall include a copy

9  of the subpoena or court order;

10      (b) promptly notify in writing the party who caused the subpoena or order to issue in the

11  other litigation that some or all of the material covered by the subpoena or order is subject to this

12  Protective Order. Such notification shall include a copy of this Stipulated Proposed Protective

13  Order; and

14      (c) cooperate with respect to all reasonable procedures sought to be pursued by the

15  Designating Party whose Protected Material may be affected.

16      If the Designating Party timely seeks a protective order, the Party served with the subpoena

17  or court order shall not produce any information designated in this action as "CONFIDENTIAL"

18  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the

19  court from which the subpoena or order issued, unless the Party has obtained the Designating

20  Party's permission. The Designating Party shall bear the burden and expense of seeking

21  protection in that court of its confidential material – and nothing in these provisions should be

22  construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful

23  directive from another court.

24      **9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED**

25  **IN THIS LITIGATION**

26      (a)      The terms of this Order are applicable to information produced by a Non-Party in this

27  action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

28  EYES ONLY". Such information produced by Non-Parties in connection with this litigation is

protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Proposed Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Proposed Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  The notification to the Designating Party must include a detailed description of how the inadvertent disclosure occurred. Designating Party has the right to seek sanctions, if appropriate, at any time

12

against the Receiving Party for inadvertent disclosure, which may include a request for an order to return all Protected Material and prohibit any further use by the Receiving Party.  Moreover, nothing in this Order shall either confer liability, or relieve the Receiving Party from any liability, for any injuries, legal proceedings or damages arising from the inadvertent disclosure of Protected Material.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated proposed protective order submitted to the court.

**12.    MISCELLANEOUS**

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future up to the time of final disposition of this action. No challenge to the confidentiality of material shall be made by a party hereto after final disposition. (Section 4, DURATION).

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Proposed Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the

13

public record in this action or any other action or proceeding any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the local rules. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. A sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the court.

### 13.   **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (**DURATION**).

/ / /

/ / /

/ / /

14. Nothing in this Order shall be construed as limiting in any way the California Department of Corrections and Rehabilitation (CDCR) from utilizing any material designated or produced under this Order in its normal or usual course of operations.

IT IS SO STIPULATED, THROUGH COUNSEL.

Dated:  May 20, 2022

ROB BONTA
Attorney General of California
ALICIA A. BOWER
Supervising Deputy Attorney General


*/s/ ARTHUR B. MARK III*

ARTHUR B. MARK III
Deputy Attorney General
*Attorneys for Non-Party Respondent*
*California State Prison-Sacrament*


LAW OFFICES OF AKUDINOBI & IKONTE

*/s/ Chijioke O. Ikonte*
CHIJIOKE O. IKONTE
*Attorneys for Plaintiff*


SAVAGE DAY


*/s/ Kelly Savage Day*
KELLY SAVAGE DAY
*Attorney for Defendant D. Oleachea*

**IT IS SO ORDERED.**

Dated:  May 23, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

SA2018301868/36189692.docx
AC/viw:dizo2372.proprietary.prop.o

15

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of_____

_____ [print or type full address], declare under penalty of perjury that I have read in its

entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Eastern District of California on _____ (date) in the case of

*Dixon v. Oleachea*, 2:15-cv-02372 KJM AC and I agree to comply with and to be bound by all

the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the provisions

of this Order.

     I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

     I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____[printed name]

Signature: _____[signature]

16