UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL DIXON, | No. 2:15-cv-2372 DAD AC P |
| Plaintiff, | |
| v. | ORDER |
| D. OLEACHEA, et al. | |
| Defendants. | |

Defendant has filed a request for an extension of time to file dispositional documents and to vacate the court's order to show cause issued January 31, 2023. ECF Nos. 144, 146 (order to show cause and motion for extension, respectively). Plaintiff does not oppose the motion. ECF No. 146 at 3-4.

In support of the motion, counsel for defendant states that she and defendant's employer, the California Department of Corrections and Rehabilitation, have agreed on a settlement in this action and that the parties are in the process of executing the settlement agreement. ECF No. 146 at 3. In addition, counsel states that the delay in execution of the documents has occurred because

////

////

////

////

1

counsel for plaintiff,[1] "has had ongoing gallbladder issues that require the removal of her gallbladder shortly."[2] Id.

Defendant's motion will be granted in part, to the extent that it asks for a thirty-day extension of time to file the dispositional documents in this case. However, given that the parties failed to respond to the court's December 6, 2022, order in any way until the instant order to show cause issued on January 31, 2023,[3] the motion will be denied to the extent that it asks the court to vacate the order requiring a showing of cause.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to file dispositional documents and to vacate the order to show cause (ECF No. 146) is GRANTED IN PART and DENIED IN PART as follows:

   a. GRANTED IN PART to the extent that it asks for an additional thirty days to file dispositional documents in this case;

   b. DENIED IN PART to the extent that it asks the court to vacate the order to show cause why the parties should not be sanctioned for failure to comply with the court's order issued December 6, 2022 (ECF No. 144), and

2. Within thirty days from the date of this order, the parties shall show cause in writing why they should not be sanctioned for failure to timely file dispositional documents. The filing of dispositional documents within thirty days from the date of this order shall serve to discharge this order to show cause.

---

[1] Counsel for plaintiff is Chijioke Ikonte. See ECF No. 123 (order appointing Chijioke Ikonte as counsel for petitioner).
[2] It is unclear from Attorney Day's sworn declaration whether it is counsel for plaintiff, Attorney Ikonte, or she, who is suffering with gallbladder issues. See ECF No. 146 at 3. Despite the confusing statements in Attorney Day's declaration, the e-mail exchange between counsel appears to indicate that it is Attorney Day, not Attorney Ikonte, who is ill. See id. at 4.
[3] On December 6, 2022, the parties were ordered to file dispositional documents and to do so within thirty days. See ECF No. 144 (minute order). Since then, neither party has filed the dispositional documents, nor have they filed an extension of time to do so. Accordingly, a showing of cause why sanctions for non-compliance with a court order should not issue are appropriate. See Local Rule 110. Just as both parties worked together to come to a settlement agreement, presumably, both parties can work together to file the requisite dispositional documents.

If additional time to file the showing of cause or the dispositional documents is needed, counsel for either party may file the extension of time.

DATED: February 21, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE